Dear Senator Heflin:
This opinion is in response to your request which reads:
 Will the Hancock Amendment have an effect on the attached piece of proposed legislation?
 Does an increase in fees of a Professional board fall under the jurisdiction of the Hancock Amendment?
This opinion will deal with your second question because it is the policy of this office not to issue official opinions on proposed bills, either introduced or to be introduced in the General Assembly.
We presume that the fees to which you refer are those paid by licensees for licensing by the various occupational registration and licensing boards of this state. See, for example, Sections335.046 (Nurses) and 334.090 (Physicians and Surgeons), RSMo Supp. 1981. Thus, we believe your inquiry asks us to determine whether an increase in such fees must be approved by the voters pursuant to Article X, Section 22, Missouri Constitution.
Article X, Section 16 to 24, Missouri Constitution, adopted November 4, 1980, comprise the Hancock Amendment. Article X, Section 22(a) provides:
 Counties and other political subdivisions are hereby prohibited from levying any tax, license or fees, not authorized by law, charter or self-enforcing provisions of the constitution when this section is adopted or from increasing the current levy of an existing tax, license or fees, above that current levy authorized by law or charter when this section is adopted without the approval of the required majority of the qualified voters of that county or other political subdivision voting thereon. If the definition of the base of an existing tax, license or fees, is broadened, the maximum authorized current levy of taxation on the new base in each county or other political subdivision shall be reduced to yield the same estimated gross revenue as on the prior base. If the assessed valuation of property as finally equalized, excluding the value of new construction and improvements, increases by a larger percentage than the increase in the general price level from the previous year, the maximum authorized current levy applied thereto in each county or other political subdivision shall be reduced to yield the same gross revenue from existing property, adjusted for changes in the general price level, as could have been collected at the existing authorized levy on the prior assessed value.
By its own terms, Article X, Section 22, requires only "[c]ounties and other political subdivisions" to submit increases in taxes, licenses or fees to a vote of the people. Since the fees to which you refer are imposed by agencies of the state, Article X, Section 22 does not require that an increase in such fees be approved by the voters.
Very truly yours,
 JOHN ASHCROFT Attorney General